CHARLES D. CAMPBELL, as Administrator of the Estate of BERT W. JOCK, Deceased, Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.

Third Department, December 15, 1970.

*Charles D. Campbell,* appellant in person.

*John B. Leonard* for respondent.

HERLIHY, P. J. This is an appeal by the plaintiff from a judgment following a trial without a jury which dismissed the complaint upon the merits.

The plaintiff's decedent was killed on July 6, 1958 while riding in an automobile owned by Lee S. Parker which was insured by the defendant. In 1959 an action was commenced against Parker, alleging that Parker was the operator of the automobile. The insurer initially undertook to represent Parker, but eventually disclaimed liability and a default judgment was entered against Parker.

This action was commenced pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law, which provides that if a judgment against an insured is not satisfied, an action may be maintained against the insurer for the amount of such judgment. Defendant insurance company interposed a defense of disclaimer on the ground that Parker had failed to co-operate with the insurance company as required by the policy.

The trial court, in granting judgment for the defendant found that it had established the disclaimer, from which decision the plaintiff appeals.

Subdivision 5 of section 167 of the Insurance Law provides that if an insurer alleges a defense that the insured failed or refused to co-operate, the burden of proving lack of co-operation shall be upon the insurer. Guidelines for the application of this provision were given in *Thrasher* v. *United States Liab. Ins. Co.* (19 N Y 2d 159, 168).

Upon the trial it was established that the respondent insurance company attempted to secure the co-operation of Parker by interviewing him personally; by advising him of scheduled examinations before trial, which he failed to attend; by making numerous inquiries at the home of his parents, the police and sheriff's office in the locality; by having their office in California investigate his whereabouts as well as at other distant points and in attempting on occasions to personally contact said Parker and, failing to do so, by writing him letters and performing various and sundry other acts in attempting to locate the said Parker.

On this appeal the defendant, having been successful, is entitled to the most favorable interpretation of the evidence and any fair inferences that flow therefrom. The verdict may only be set aside if it is found to be against the weight of evidence or contrary to the law.

As to the factual issues, the findings in favor of the defendant were not against the weight of evidence and therefore must be affirmed.

In *Thrasher* v. *United States Liab. Ins. Co.* (*supra,* pp. 168, 169), it was stated that the insurer to be successful must demonstrate (1) that it acted diligently in seeking to bring about the insured's co-operation; (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation; (3) that the attitude of the insured, after his co-operation was sought, was one of willful and avowed obstruction.

In *Wallace* v. *Universal Ins. Co.* (18 A D 2d 121, 125) the court said: '' upon a showing by the insurer of an absence of the insured which remains unexplained despite reasonable efforts to locate the insured, ' the burden of going forward with the proof and supplying the data necessary to repel the adverse inference, must rest on the assured ' (*Rushing* v. *Commercial Cas. Ins. Co.*, 251 N. Y. 302, 304) '', but there found that the defendant had not made such a showing.

In both of these cases, the plaintiff had been successful at the trial level.

The trial court could find from the evidence that the insurer acted diligently in seeking to obtain the insured's co-operation and in fact did, in the first instance, obtain such co-operation. There remains the further requirement of the three-prong rule that the attitude of the insured was willful and avowed obstruction.

The uncontradicted evidence in the record shows that when Parker first advised the insurer of the accident he stated that

the plaintiff's decedent was operating the car and he so stated in his motor vehicle report; that nothing further was done with reference to the accident until the service of the summons and complaint approximately a year thereafter; that following the service of the papers he continued his co-operation by keeping in contact with the insurer and its representatives, and he failed to attend two scheduled examinations before trial, but in both cases gave a sufficiently justifiable excuse; that he was warned by the representatives of the insurer that he must continue to keep in contact with the company and his own family so that he would be available when needed to properly defend the action. Although the insurer in its investigation had leads on occasions as to the whereabouts of Parker, they were never able to locate him and, under the circumstances of this particular case, the trial court was justified in inferring that the long absence of Parker without communication was willful and obstructive and that as to the defendant's proof, the test had been met.

In such circumstances under the procedural rule set forth in *Wallace* v. *Universal Ins. Co.* (*supra*), it then became the responsibility of the plaintiff to go forward and demonstrate that the inferences drawn by the court as to the unexplained absence of the insured, despite *reasonable* efforts by the insurer, were not justified. This the plaintiff failed to do. There was no direct proof by the plaintiff on this issue and the cross-examination of the insurer's witness demonstrated that while there might have been other explorations, there was no showing that such would have been successful, nor could it be inferred that the efforts of the insurer were not *reasonable*.

Upon the present record it does not appear that there was an unreasonable delay as a matter of law on the part of the insurer in reaching its decision or conclusion that the insured had breached the provisions of the policy by failing or refusing to co-operate with it. (Cf. *Allstate Ins. Co.* v. *Gross*, 27 N Y 2d 263.)

The trial court was correct in dismissing the complaint as a matter of law and on the merits.

A further contention was advanced by the plaintiff as to proper notice. Subdivision 8 of section 167 of the Insurance Law states as follows: " 8. If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of

such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.''

The evidence discloses that notice of disclaimer was forwarded to the insured and that a copy thereof was sent to the attorney for the then plaintiff and that it was received by him. Although the original plaintiff claimed that she was not notified by her attorney of the disclaimer until at or about the trial of the action, there was no showing of any prejudice to her or her cause. Under such circumstances, the service should be deemed sufficient although it might be argued that the statute requires that a written notice be given to the '' injured person or any other claimant '', as well as her attorney.

The judgment should be affirmed, without costs.

GREENBLOTT and SWEENEY, JJ. (dissenting). The findings in favor of the respondent were against the weight of the evidence. Respondent has failed to carry the burden placed upon it by subdivision 5 of section 167 of the Insurance Law to prove lack of co-operation by its insured.

In *Thrasher* v. *United States Liab. Ins. Co.* (19 N Y 2d 159, 168–169), the Court of Appeals cogently stated: '' Since the defense of lack of co-operation penalizes the plaintiff for the action of the insured over whom he has no control, and since the defense frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them (*Wallace* v. *Universal Ins. Co.*, 18 A D 2d 121, affd. 13 N Y 2d 978; *Kehoe* v. *Motorists Mut. Ins. Co.*, 20 A D 2d 308, 310; Vehicle and Traffic Law, § 310, subd. [2]), the courts have consistently held that the burden of proving the lack of co-operation is a heavy one indeed. Thus, the insurer must demonstrate that it acted diligently in seeking to bring about the insured's co-operation (*Amatucci* v. *Maryland Cas. Co.*, 25 A D 2d 583; *Rosen* v. *United States Fid. & Guar. Co.*, 23 A D 2d 335 [overruled on other grounds by *Matter of Vanguard Ins. Co.* (*Polchlopek*), 18 N Y 2d 376]; *National Grange Mut. Ins. Co.* v. *Lococo,* 20 A D 2d 785, affd. 16 N Y 2d 585; *Kehoe* v. *Motorists Mut. Ins. Co., supra*); that the efforts employed by the insurer were reasonably calculated to obtain the insurer's co-operation (*National Grange Mut. Ins. Co.* v. *Lococo, supra*; *Wallace* v. *Universal Ins. Co., supra*); and that the attitude of the insured, after his co-operation was sought, was one of ' willful and avowed obstruction ' (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271, 276; *American Sur. Co.* v. *Diamond,* 1 N Y 2d 594).''

The record does not support a finding that the insurer has sustained its three-pronged burden of proof requirement of the *Thrasher* case (*supra*). It must be conceded that the insured co-operated at least until his disappearance, since he filed an accident report immediately following the accident, appeared for interviews at the insurer's request on two occasions and provided the insurer's attorney with an affidavit.

On the other hand, the respondent put the accident report in "dead storage" for about a year. Furthermore, the respondent was not "diligent" in its attempt to locate Parker. There was an initial delay of eight months between December 29, 1959 and September 1, 1960. Then after making an attempt to contact him in September, 1960, there is no evidence in the record to indicate any further effort until December 13, 1961. Nor were the efforts to locate Parker "reasonably calculated to obtain the insured's co-operation". They consisted merely of letters sent to Parker and his parents, inquiries of the police on one occasion and one investigation of a suspected address in California. The insurer did not check the post office for a forwarding address, did not check with Parker's employer, did not attempt to make inquiries concerning a divorce action which was being brought by Parker's wife, and did not investigate after receiving information that Parker was in Florida.

Appellant's contention that the insurer waived its right to disclaim liability by failing to comply with the requirement of subdivision 8 of section 167 of the Insurance Law that an insurer give notice to the injured person "as soon as is reasonably possible" of a disclaimer of liability, is also meritorious. Assuming, *arguendo*, that the insured's disappearance constituted a lack of co-operation, the delay of 20 months after the insurer became aware of it, constituted a waiver of the defense of lack of co-operation. The insured could not be located in September, 1960, and notice of disclaimer was not received by the appellant's attorney until June 6, 1962. (*Matter of Kelly* v. *MVAIC*, 30 A D 2d 516; *Cohen* v. *Atlantic Nat. Ins. Co.*, 24 A D 2d 896; *Appell* v. *Liberty Mut. Ins. Co.*, 22 A D 2d 906, affd. 17 N Y 2d 519.)

The Court of Appeals recently ruled that in order for an insurer to be entitled to disclaim liability, it shall give written notice of such disclaimer within a reasonable time after the "insurer first learns of the accident or of grounds for its disclaimer" (*Allstate Ins. Co.* v. *Gross*, 27 N Y 2d 263). In *Allstate Ins. Co.* v. *Gross* (*supra*) it was held that seven months from the time that the insurer first learned of the grounds of disclaimer was unreasonable as a matter of law.

We also disagree with the holding of the majority that there was no showing of any prejudice to appellant. The former plaintiff incurred expenses in connection with the prosecution of the action and the preparation for trial, being led to believe that respondent would defend its insured and pay any judgment recovered against him to the limit of coverage under his policy of insurance.

In any event, in *Allstate Ins. Co.* v. *Gross* (*supra*) the Court of Appeals also declared that the statute does not require a finding that the insurer's delay in disclaiming prejudiced the injured party.

For the above reasons, we respectfully dissent and vote for reversal.

REYNOLDS and STALEY, JR., JJ., concur with HERLIHY, P. J.; GREENBLOTT and SWEENEY, JJ., dissent and vote to reverse in a separate opinion.

Judgment affirmed, without costs.