■ RALPH MIRANDA, Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant, et al., Defendants.—In an action *inter alia* to declare whether appellant validly and timely disclaimed liability under a certain insurance policy, it appeals from a judgment of the Supreme Court, Kings County, dated April 16, 1975, which, after a nonjury trial, declared (1) that the notice of disclaimer was invalid as against the plaintiff and (2) that appellant is obligated to defend and pay any settlement or judgment, within the limits of its policy, as may be obtained by the plaintiff against the insured. Judgment modified, on the law and the facts, by (1) deleting from the first decretal paragraph thereof the word "invalid", and substituting

therefor the word "valid", and (2) deleting therefrom the second decretal paragraph. As so modified, judgment affirmed, without costs or disbursements. On the record on this appeal, the service of a carbon copy of the letter of disclaimer on the injured plaintiff's attorney satisfied the statutory requirement (Insurance Law, § 167, subd 8; *Olenick v Government Employees Ins. Co.,* 68 Misc 2d 764, mod on other grounds 42 AD2d 760; *Campbell v Travelers Ins. Co.,* 35 AD2d 362, affd 33 NY2d 667); the two and one-half-month delay in mailing the notification of disclaimer was not unreasonable. Contrary to the finding of Special Term, the fair import of the insurer's letter dated April 27, 1973 is that is disclaimed liability on the basis of the failure of both the insured and the injured plaintiff to give timely notice of the accident. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.