■ DIANE ZOOK et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.—In an action against an insurer, *inter alia,* to recover damages for its failure to satisfy a judgment obtained against its insured, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated August 3, 1976, which denied their motion for summary judgment. Order affirmed, without costs or disbursements. Plaintiffs were injured on April 26, 1972 when a truck, owned by Bomac Trucking Inc., driven by Carl A. Voelker and insured by defendant, struck their vehicle. A summons and complaint was served on Bomac and Voelker in June, 1972. There is a question as to whether defendant was ever made aware of that action by either its insured or by plaintiffs. On April 27, 1973 a default judgment was entered in favor of plaintiffs. A certified copy of that judgment was served upon defendant by mail on September 20, 1973. A disclaimer letter, dated January 2, 1974, was sent to Bomac and plaintiffs. Defendant asserted therein that Bomac failed to give timely notice of the action against it by plaintiffs. Plaintiffs commenced this action to enforce the judgment on February 13, 1974. Defendant thereafter commenced an action for a judgment declaring that it was not liable under the terms of the insurance policy issued to Bomac. A joint trial of the two actions commenced on March 5, 1976; a jury was present for plaintiffs' action. The declaratory judgment action was the first tried. There was conflicting testimony as to the timeliness of the notice received by defendant and the timeliness of its disclaimer. At the conclusion of the trial of the declaratory judgment action, the court directed a verdict for Hartford and, as a result of that determination, the court dismissed plaintiffs' action against Hartford. The jury never had an opportunity to resolve the issues of fact raised by the testimony at the joint trial. This court reversed the judgment in favor of Hartford in the declaratory judgment action stating *(Hartford Acc. & Ind. Co. v Zook,* 53 AD2d 661): "The issues raised by this action are the same as those raised in defendant Hartford's answer in *Zook v Hartford Acc. & Ind. Co.* (53 AD2d 667). As all of the plaintiff's rights can be determined in the afore-mentioned action, this suit was superfluous. It should, therefore, be dismissed (cf. *Utica Mut. Ins. Co. v Beers Chevrolet Co.,* 250 App Div 348)." This court simultaneously reversed the judgment which dismissed plaintiffs' suit, stating *(Zook v Hartford Acc. & Ind. Co.,* 53 AD2d 667): "Judgment

reversed, on the law, and new trial granted, with costs to abide the event. No fact findings have been presented for review. The factual issues raised at the trial should have been submitted to the jury for resolution. We note, however, that punitive damages are not warranted upon the facts of this case." By notice of motion dated July 2, 1976, plaintiffs sought summary judgment. The supporting papers asserted that defendant had received timely notice of the accident as a matter of law and that it had issued an untimely disclaimer as a matter of law. Plaintiffs also argued that defendant, because its disclaimer was based upon the lack of timely notice by Bomac, waived the defense of lack of timely notice by plaintiffs as a matter of law. Defendant opposed the motion on the ground that the decision of this court in *Zook v Hartford Acc. & Ind. Co: (supra)* made it clear that there were factual issues to be resolved by a jury and, therefore, summary judgment could not be granted. Our previous decision was not a bar to the motion for summary judgment. Our reversal in *Zook* was "on the law". We clearly stated that "no fact findings have been presented for review." Our decision was in no way based upon the merits of the case. We merely held in the prior appeals that defendant could not defeat plaintiffs' right to a jury trial by initiating a separate action for a declaratory judgment. Our statement in *Zook,* that there were "factual issues raised at the trial", was an observation as to what had occurred in the declaratory judgment action. The merits of the case of *Zook v Hartford Acc. & Ind. Co. (supra)* were not considered because plaintiffs' complaint was dismissed before the trial began. Plaintiffs were, therefore, free to make this motion for summary judgment. The motion, however, was properly denied. Factual issues do indeed exist as to the timeliness of the notice sent to the defendant insurer and the timeliness of the insurer's disclaimer. Defendant, by its disclaimer, did not waive the right to assert a lack of timely notice by the injured parties. The fair import of the insurer's letter of disclaimer, dated January 2, 1974, is that defendant disclaimed liability on the basis of the failure of both the insured and the injured plaintiffs to give timely notice of the accident (see *Miranda v Aetna Cas. & Sur. Co.,* 51 AD2d 1035). *Appell v Liberty Mut. Ins. Co.* (22 AD2d 906, affd 17 NY2d 519) is distinguishable. In *Appell* we ruled that an insurer, whose letter of disclaimer was based upon the insured's failure to co-operate, waived its right to later assert, as a defense, lack of timely notice by the injured parties. The letter of disclaimer in this case, from the outset, properly asserted a lack of timely notice by the insured and by the injured parties. Hopkins, Acting P. J., Martuscello, Damiani and Suozzi, JJ., concur.