DIANE ZOOK et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.—In an action against an insurer, *inter alia,* to recover the amount of a judgment in favor of plaintiffs and against the defendant's insured, the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County, entered February 16, 1977, which, after a jury trial, was in favor of the defendant and (2) an order of the same court, dated

March 29, 1977, which denied their motion to, *inter alia,* set aside the verdict. Judgment and order reversed, on the law, with one bill of costs, motion granted and judgment is directed in favor of the plaintiffs to the extent of the amount of the judgment in their favor against defendant's insured. We previously reversed a judgment which dismissed plaintiffs' suit stating that the issue should have been submitted to the jury *(Zook v Hartford Acc. & Ind. Co.,* 53 AD2d 667). Thereafter, we affirmed an order denying plaintiffs' motion for summary judgment *(Zook v Hartford Acc. & Ind. Co.,* 55 AD2d 641), finding that factual issues existed as to the timeliness of the defendant's disclaimer of liability. On the state of the record before us, plaintiffs' motion for a directed verdict at the end of the trial should have been granted. Our affirmance of the order denying summary judgment does not require, as a consequence, that a motion for a directed verdict must be denied at the trial. "A denial of a motion for summary judgment is not necessarily *res judicata* or the law of the case that there is an issue of fact in the case that will be established at the trial" *(Sackman-Gilliland Corp., v Senator Holding Corp.,* 43 AD2d 948, 949). The record at the end of the trial satisfactorily establishes beyond dispute that the insurer delayed in making its disclaimer for a period of at least four and one-half months, although the statute commands that the insurer disclaim as soon as reasonably possible (Insurance Law, § 167, subd 8). This delay we find unreasonable as a matter of law (see *Allstate Ins. Co. v Gross,* 27 NY2d 263, 266; *Motor Vehicle Acc. Ind. Corp. v United States Liab. Ins. Co.,* 33 AD2d 902; *Wright v Wright,* 35 AD2d 895; *Cohen v Atlantic Nat. Ins. Co.,* 24 AD2d 896). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.