■ NEW YORK MUTUAL UNDERWRITERS, Respondent, v JOHN J. O'CONNOR et al., Doing Business as CRANE'S RESTAURANT, Appellants, et al., Defendant. — Appeal from that part of an order of the Supreme Court at Special Term (Kuhnen, J.), entered December 19, 1983 in Broome County, which partially granted the motion of defendants John J. O'Connor and Lynn A. O'Connor for summary judgment.

On August 27, 1982, a summons and complaint on behalf of Rosanne D. Barina was served on John J. and Lynn A. O'Connor. Two causes of action were alleged: the first based on the "Dram Shop Act" (General Obligations Law, § 11-101) and the second on common-law negligence. The O'Connors promptly forwarded the suit papers to their business insurance carrier, New York Mutual Underwriters. By certified mail dated September 8, 1982, New York Mutual informed the O'Connors that, among other things, their policy did not afford coverage against Barina's Dram Shop Act cause of action. The following week counsel for the O'Connors, retained by New York Mutual, advised Barina's attorneys that "there is no dram shop coverage"; and the latter informed her to this effect by letter dated September 21, 1982.

New York Mutual thereafter commenced this action for a judgment declaring that it has no obligation to defend or indemnify the O'Connors with respect to Barina's suit. Special Term determined, in pertinent part, that the insurer gave sufficiently specific and prompt notice of denial of coverage for the Dram Shop Act cause of action to the insured and the injured party. The thrust of the O'Connors' appeal is that the notice furnished was ineffective. We affirm.

New York Mutual's September 8, 1982 letter to the O'Connors stated that the first cause of action in the complaint contains allegations based upon the unlawful sale of alcoholic beverages. It then quoted the full text of the exclusion in the policy it was relying on, which expressly excluded coverage for liability based

upon the unlawful sale of alcoholic beverages, and then concluded "[a]ccordingly there is no coverage for you under your policy for these allegations". This language unambiguously and effectively gave notice that New York Mutual's policy provided no coverage for the Dram Shop Act cause of action. Furthermore, the September 21, 1982 letter from the O'Connors' attorneys to Barina's attorneys satisfies the provisions of subdivision 8 of section 167 of the Insurance Law, which requires an insurer to apprise an injured person regarding a disclaimer of liability or a denial of coverage. Given that the insurance carrier was first made aware of the Barina claim by way of a summons and complaint served on its insured by the injured party's attorneys, service of the disclaimer letter on the attorneys of the injured party was not inappropriate and sufficed to make known to Barina its denial of coverage (see *Miranda v Aetna Cas. & Sur. Co.*, 51 AD2d 1035). Additionally, we note that Barina suffered no prejudice as a result of the method used to notify her or because of any delay in receiving that notice; her lawsuit was then still in its very earliest stages and discovery had not yet been conducted.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.