■ HOME MUTUAL INSURANCE COMPANY OF BINGHAMTON, Appellant, v DARYL PRESTON et al., Respondents.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff insurance carrier appeals from an order granting summary judgment declaring that defendant and injured third parties are entitled to insurance coverage under a general liability policy and denying plaintiff's motion for summary judgment declaring that no coverage exists for the losses complained of. The action stems from the insured's assault upon four individuals resulting in severe injuries. Subsequently, the insured pleaded guilty to a number of criminal charges, including assault in the first and second degrees. Plaintiff bases its right to deny coverage upon its policy exclusion that precludes recovery for bodily injury "expected or intended by the insured" and upon defendant's failure to give timely notice of the occurrence. Defendant responded by alleging facts which he contended justified the late notice (Insurance Law § 3420 [a] [4]) and countered with

the charge that plaintiff failed to timely disclaim coverage (Insurance Law § 3420 [d]). Further, defendant produced evidence from a qualified psychiatrist that he was severely mentally ill, suffering from a schizoaffective disorder, and contended that he did not act intentionally. Supreme Court, without discussing any of those issues, rendered its decision. We reverse so much of the order as granted summary judgment. Whether defendant gave timely notice of the occurrence or suit and whether plaintiff gave timely notice of disclaimer of coverage are questions of fact which preclude the granting of summary judgment (Insurance Law § 3420 [a] [3]; [d]). Likewise, questions of fact exist whether the insured's alleged mental disorder prevented him from forming an intent to commit the acts complained of (see, Annotation, *Liability Insurance-Intentional Injury,* 33 ALR4th 983). (Appeal from judgment of Supreme Court, Onondaga County, Miller, J.—declaratory judgment.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.