■ UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, Respondent, v NATALE D. SPAGNOLO et al., Appellants, et al., De-

fendant. [634 NYS2d 296] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting summary judgment to Utica Fire Insurance Company of Oneida County (Utica Fire), declaring that Utica Fire had no obligation to defend or indemnify defendants Natale D. and Amalia N. Spagnolo in a personal injury action commenced against them in February 1993 by defendant Romeo. That action sought damages for injuries sustained by Romeo's daughter at a day-care center operated by the Spagnolos. The record establishes that Utica Fire first became aware of a potential claim against the Spagnolos by a notice of loss received on June 1, 1992. The notice of loss did not include the identity of the injured party, and Utica Fire did not become aware of that individual until June 18, 1992. On June 16, 1992, Utica Fire disclaimed coverage based upon the "business activities" exclusion contained in the Spagnolos' home insurance policy.

In May 1993 Utica Fire commenced this declaratory judgment action. The Spagnolos moved for summary judgment on their counterclaims, seeking a declaration that they were entitled to a defense and indemnification in the personal injury action. The court denied the motion and granted summary judgment to Utica Fire. That was error.

Insurance Law § 3420 (d) requires an insurer disclaiming liability to give written notice of the disclaimer as soon as is reasonably possible to the insured, the injured person, and any other claimant. Disclaimers made more than two months after the insurer possesses all facts necessary to invoke an exclusion are untimely as a matter of law (see, Gill v Gouchie, 210 AD2d 954, lv denied 86 NY2d 701). The reasonableness of an insurer's delay of less than two months is generally viewed as a factual issue that should not be resolved on a motion for summary judgment (see, Wilczak v Ruda & Capozzi, 203 AD2d 944, 945). The notice of disclaimer received by Romeo's attorney on August 12, 1992 from the attorney for the insured satisfies the provisions of Insurance Law § 3420 (d) (see, New York Mut. Underwriters v O'Connor, 105 AD2d 994, 995). Because there was a delay of no more than 55 days after the identity of the injured party became known to the carrier, the reasonableness of that delay is a factual issue for trial (see, Wilczak v Ruda & Capozzi, supra).

Utica Fire contends that its agent provided Romeo's attorney with a copy of the disclaimer letter on June 25, 1992, just seven days after the identity of the injured party became known to the carrier. Romeo's attorney denies receipt of that notice,

however, thereby presenting further issues of fact to be determined by the trier of fact. We, therefore, modify the judgment on appeal by vacating the award of summary judgment to Utica Fire and the declaration that Utica Fire has no obligation to defend or indemnify defendants. (Appeal from Judgment of Supreme Court, Niagara County, Mintz, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.