■ IAN R. OSTERREICHER, an Infant, by MICKEY OSTERREICHER, as Parent and Natural Guardian, Appellant, v HOME MUTUAL INSURANCE COMPANY OF BINGHAMTON, NEW YORK, Respondent. [707 NYS2d 742] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant, Home Mutual Insurance Company of Binghamton, New York (Home Mutual), issued a homeowner's insurance policy covering the premises where the infant plaintiff was seriously injured in an accident on August 24, 1989, while he was a guest at the residence of Home Mutual's insured. Home Mutual first received written notice of the accident on March 26, 1990, some seven months after the accident, when the attorney representing the infant plaintiff wrote to Home Mutual and made a claim against its homeowner's policy. It was not until May 17, 1990, 52 days later, that Home Mutual disclaimed coverage on the ground that its insured had failed to provide timely written notice of the accident.

Thereafter, a personal injury action was commenced on behalf of the infant plaintiff against Home Mutual's insured. Home Mutual's insured failed to appear in that action and plaintiff obtained a default judgment against her in excess of the policy limits.

Plaintiff then commenced this action to recover under the homeowner's insurance policy. Home Mutual moved for summary judgment dismissing the complaint based on its insured's failure to comply with the provision of the policy requiring the insured to give written notice of the accident "as soon as practicable." Home Mutual contended that the delay of seven months in giving written notice was unreasonable as a matter of law. Plaintiff cross-moved for summary judgment declaring that Home Mutual must indemnify its insured. Plaintiff contends that Home Mutual's 52-day delay in disclaiming coverage was unreasonable as a matter of law and that Home Mutual was estopped from relying upon the late notice of claim as a ground for disclaiming coverage. Supreme Court erred in granting Home Mutual's motion, but properly denied plaintiff's cross motion.

Insurance Law § 3420 (d) requires an insurer disclaiming liability to give written notice of the disclaimer "as soon as is reasonably possible" to the insured, the injured person, and

any other claimant. "A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951). An insurer must provide timely notice of disclaimer even where, as here, the insured or injured claimant has in the first instance failed to provide the insurer with timely notice of the accident (*see, Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507).

The issue whether an insurer has disclaimed liability "as soon as is reasonably possible" is ordinarily a question of fact that depends on all the facts and circumstances, especially the length of and reason for the delay (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1030; *Allstate Ins. Co. v Gross*, 27 NY2d 263, 270; *State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860). An unexplained delay of two months has been held to be unreasonable as a matter of law (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1030). However, "[t]he reasonableness of an insurer's delay of less than two months is generally viewed as a factual issue that should not be resolved on a motion for summary judgment" (*Utica Fire Ins. Co. v Spagnolo*, 221 AD2d 921, 922). Because there was a delay of 52 days in disclaiming coverage, the reasonableness of that delay is a factual issue for trial (*see, Utica Fire Ins. Co. v Spagnolo, supra*, at 922; *Wilczak v Ruda & Capozzi*, 203 AD2d 944). Therefore, we modify the order by denying Home Mutual's motion and reinstating the complaint. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.