■ MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant, v GERALD P. ORSAEO, Respondent, et al., Defendant. [711 NYS2d 819] —Judgment unanimously reversed on the law without costs and motion and cross motion denied. Memorandum: Supreme Court erred in granting judgment declaring that plaintiff has a duty to defend and indemnify Gerald P. Orsaeo (defendant) in the underlying personal injury action. The record establishes that defendant did not inform plaintiff of the accident that occurred on his premises until approximately seven months after he received a letter from the attorney for the plaintiff in the underlying action advising him of the occurrence. Defendant contends that the letter did not notify him that a lawsuit would be commenced against him and that, as an absentee landlord, he did not believe that he could be held liable for the accident. Because there is an issue of fact whether defendant had a reasonable belief in nonliability to support his seven-month delay in notifying plaintiff, the court erred in granting defendant's cross motion for summary judgment (*see, Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924, 924-925; *Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033, 1033-1034; *see also, Home Mut. Ins. Co. v Preston*, 155 AD2d 932, 933, *lv dismissed* 75 NY2d 947). Plaintiff is not entitled to summary judgment because there is a further issue of fact whether plaintiff disclaimed liability "as soon as is reasonably possible" (Insurance Law § 3420 [d]; *see, Osterreicher v Home Mut. Ins. Co.*, 272 AD2d 926). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Declaratory Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.