**U.S. UNDERWRITERS INSURANCE CO., Plaintiff–Appellant,**

v.

**Vladimir KLIMASHEVSKY and Sofiya Klimashevsky, Defendants–Appellees,**

**Aerostil USA Co., Ltd., Waldorf Realty Co., Inc., High Quality Sounds, Ltd. and Waldorf Management Co., Defendants.**

**No. 00–9202.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2001.

Michael A. Miranda, Miranda & Sokoloff, LLP, Mineola, NY; Steven Verveniotis, Brett A. Scher, on the brief, for appellant.

Michael A. Ferrier, Vanchieri & Ferrier, LLP, Brooklyn, NY, for appellees.

Present McLAUGHLIN, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant U.S. Underwriters Insurance Co. ("Underwriters") appeals from an order of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*) denying a motion for summary judgment by Underwriters and granting a motion for summary judgment by Defendant–Appellees Vladimir and Sofiya Klimashevsky. We affirm.

As set forth in detail in the unpublished order of the District Court, this case involves a claim under a liability insurance policy, and the ensuing denial of that claim as untimely. Aerostil USA Co. purchased from Underwriters a liability insurance policy covering the period of December 1, 1997 through December 1, 1998. The policy provides that "[i]f a claim is made or 'suit' is brought against any insured, [the insured] must ... [n]otify [Underwriters] as soon as practicable." In August 1998, Aerostil became the general contractor for a construction project in Brooklyn and subcontracted some of the work to Vladimir Klimashevsky, the brother-in-law of Aerostil's vice-president, Valery Hesin. On August 14, 1998, Mr. Klimashevsky was injured as a result of an accident on the work site. Hesin promptly notified his insurance broker, Triple L Insurance Agency, which shares an office suite with Aerostil. Notably, the two brokers at Triple L are Hesin's sisters; one of them, Sofiya Klimashevsky, also is Mr. Klimashevsky's wife.

Underwriters, however, was not notified of the accident until, at the earliest, February 1999, when Mr. Klimashevsky's counsel submitted a letter seeking coverage for his client's injury. Underwriters contends that because the February 1999 letter did not contain the insurance policy number, it did not receive notice of the claim until

March 1999, when Mr. Klimashevsky's counsel submitted a second claim letter and included the policy number. After receiving the second letter, Underwriters commissioned an investigation of the claim. The investigators delivered their report to Underwriters on or about May 10, 1999.

Underwriters then sent a letter dated May 26, 1999 to Hesin's home address, with copies to Aerostil and Triple L. The May 1999 letter acknowledged receipt of Mr. Klimashevsky's claim against Aerostil and noted Hesin's "request for handling and indemnification" under the policy. The letter continued:

> Our investigation indicates that you were aware of [the] incident at the time, or shortly after, it occurred. Notification to U.S. Underwriters Insurance Company was not made until March 1999, seven months after you had knowledge of this occurrence. This delay in reporting is a violation of the ... policy condition [regarding prompt notice of claim]. In view of this violation, we must advise you that U.S. Underwriters Insurance Company reserves its rights to issue a disclaimer of coverage and pursue a legal determination via a declaratory judgement action.

In June 1999, the Klimashevskys sued Aerostil and three other entities, not relevant here, in state court. A copy of the complaint in the state case was served on Underwriters in July 1999. Underwriters then sent Aerostil a letter dated August 24, 1999, in which Underwriters again noted the lateness of the claim and stated, "[i]n view of this violation [of the policy terms and conditions], U.S. Underwriters also disclaims coverage." Unlike the May 1999 letter, the August 1999 letter also was sent to the Klimashevskys' attorney. In September 1999, Underwriters commenced the instant action in the United States District Court for the Eastern District of New York, seeking a declaratory

judgment that it is not required to indemnify Aerostil in the event of an adverse judgment in the state proceeding.

The District Court first held that the Klimashevskys had not timely notified Underwriters. of their claim, but that upon receiving notice of the claim, Underwriters itself had a duty to timely disclaim coverage on the basis of the Klimashevsky's tardiness. The Court noted that while the May 1999 letter was sent promptly after the claim investigation was completed, it was not sent to the Klimashevskys or their counsel. The Court held that the May 1999 letter should have been sent to the Klimashevskys' attorney and should have been based on the failure of Vladimir Klimashevsky—not Aerostil—to give timely notice. In light of this holding, the Court chose not to reach the issue of whether the May 1999 letter constituted a disclaimer. The Court went on to hold that the August 1999 letter, like the May 1999 letter, improperly referred to Aerostil's—not the Klimashevskys'—untimely notice of the claim, and in any case the August 1999 letter was untimely as a matter of law. Accordingly, the Court granted summary judgment in favor of the Klimashevskys.

As a preliminary matter, Underwriters contends that because the Klimashevskys did not assert the untimeliness of Underwriters' disclaimer as an affirmative defense, they could not seek summary judgment on that ground. However, Underwriters consented to the Klimashevskys' cross-motion on precisely that ground: in a letter to the Court dated March 31, 2000, the Klimashevskys' counsel stated his intention to file a cross-motion on the ground of untimely notice of disclaimer, explained that he already had informed Underwriters' counsel of his intentions, and noted that Underwriters' counsel had consented to the filing of the cross-motion. The letter was copied to Underwriters' counsel, who did not object to it. Accordingly, Underwriters

has waived its argument as to the propriety of the cross-motion.

█ The Klimashevskys apparently do not dispute that they failed to provide timely notice of their claim. However, "[a]n insurer must provide timely notice of disclaimer even where, as here, the insured or injured claimant has in the first instance failed to provide the insurer with timely notice of the accident." *Osterreicher v. Home Mutual Ins. Co. of Binghamton, New York*, 272 A.D.2d 926, 927, 707 N.Y.S.2d 742, 743 (4th Dep't 2000). Such disclaimer must be made by giving "written notice as soon as is reasonably possible." N.Y. INSURANCE LAW § 3420(d) (McKinney 2001). Therefore, Underwriters had a duty to disclaim coverage in a timely manner.

Although Underwriters contends that its May 1999 letter constituted a disclaimer, that letter expressly states, "US Underwriters Insurance Company reserves its rights to issue a disclaimer of coverage." At no point does the letter purport to exercise those rights. "A reservation of rights letter has no relevance to the question whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage." *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1029, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979). The August 1999 letter, by contrast, notes the tardy notice of claim, then declares that "[i]n view of this violation, U.S. Underwriters also disclaims coverage." We conclude, as a matter of law, that an effective disclaimer of coverage occurred, if at all, no earlier than the August 1999 letter.

█ Underwriters' duty to disclaim arose either with the receipt of the February 1999 letter, the receipt of the March 1999 letter, or the completion of the investigation in May 1999. Underwriters then disclaimed, if at all, no earlier than August 1999. Therefore, even with all ambiguities and factual inferences resolved in favor of

Underwriters, the record establishes that Underwriters waited at least three months to disclaim coverage. It has offered no explanation for the intervening delay. While ordinarily the timeliness of an insurer's notice of disclaimer is a question of fact, where "there is absolutely no explanation for the delay provided by the insurer, a delay of two months is, as a matter of law, unreasonable." *Hartford Ins. Co.*, 46 N.Y.2d at 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061. Accordingly, Underwriters' failure to disclaim coverage before, at the earliest, August 1999 is unreasonable as a matter of law.

For the foregoing reasons the decision of the District Court is AFFIRMED.