■ SAFEGUARD INSURANCE COMPANY, Appellant, v. FRANK TRENT et al., Defendants, and ANGELO PETILLO et al., Respondents.— In an action by an insurance company to declare valid its disclaimer of liability under a policy of automobile insurance issued by it to defendant Frank Trent, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, dated January 27, 1967 and made upon stipulated facts, which adjudged that plaintiff is "obliged to afford coverage to and satisfy any judgment which may be recovered by" defendants Petillo in their separate action for injuries against defendants Trent. Judgment affirmed, with costs. Contrary to the findings of the trial court, we find that defendants Petillo failed to do everything reasonably to be expected of them to ascertain the identity of the insurance carrier or to give it notice of the accident as soon as could reasonably be expected (*Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, affd. 4 N Y 2d 1028). We find there was unexplained delay by defendants Petillo in giving such notice to plaintiff; and we hold that such delay constituted a breach of the conditions of the policy (*Deso* v. *London & Lancashire Ind. Co.*, 3 N Y 2d 127; *Appell* v. *Liberty Mut. Ins. Co.*, 22 A D 2d 906, affd. 17 N Y 2d 519). The extent of the delay is measured from the accident date. Here defendants Petillo, without offering any explanation, waited about seven months after the occurrence to retain attorneys who did not give notice to plaintiff until two months thereafter. However, we also find and hold that plaintiff is estopped from asserting

its nonliability under the statute (Insurance Law, § 167). Plaintiff received notice of the accident on July 28, 1965. Its investigator contacted its assured and received a statement of the accident on December 8, 1965. On October 18, 1965 plaintiff received a copy of a summons and complaint that had been served upon its assured by defendants Petillo. Plaintiff applied for and received extensions of time to answer that complaint on October 26, 1965 and again on December 15, 1965. On December 17, 1965, plaintiff disclaimed because it had not received timely notice. Plaintiff's delay of about five months from the time it learned of the accident and its two-month delay after receiving the summons and complaint, before it disclaimed, was unreasonable and prejudicial to defendants Petillo in their personal injury action. In reliance on plaintiff's failure to disclaim they proceeded with the labor and expense of prosecuting their action against defendants Trent (*Appell* v. *Liberty Mut. Ins. Co., supra; Allstate Ins. Co.* v. *Bianco,* 28 A D 2d 676). We further find that plaintiff waived the defense of timely notice because it did not investigate the accident or communicate with its assured within a reasonable time after receiving notice of the accident. Where the carrier itself has unreasonably delayed in making a disclaimer as a result of its own failure to make diligent efforts to comply with its own responsibilities and obligations under the policy of insurance, it cannot take advantage of a failure to give timely notice of accident (*Wallace* v. *Universal Ins. Co.,* 18 A D 2d 121, affd. 13 N Y 2d 978; *Cohen* v. *Atlantic Nat. Ins. Co.,* 24 A D 2d 896). Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur. [52 Misc 2d 212.]