OPINION OF THE COURT
Memorandum.
The order appealed from should be reversed, with costs, and the judgment of Supreme Court, Nassau County, reinstated.
In order to effectively disclaim liability or deny coverage for death or bodily injury under an automobile liability insurance policy, an insurer must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage” (Insurance Law, § 167, subd 8). A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial (see Allstate Ins. Co. v Gross, 27 NY2d 263; Matter of Allstate Ins. Co. [Frank], 44 NY2d 897).
In the instant case, which was submitted to the courts upon an agreed statement of facts, the insurer was first notified of the accident on November 4, 1976, more than 45 months after the date of the accident. Rather than sending any notice of disclaimer of liability or denial of coverage to the insured, the insurer instead commenced this action seeking a declaration of its obligations under the policy on January 5, 1977, some two months after it first received notice of the accident. No explanation whatsoever was given for this two-month delay by the insurer. The only thing which the record indicates that the insurer did during the two-month period was to send a letter to the insured agreeing to defend it in the pending tort suit but reserving any rights the insurer might otherwise have. This letter, of course, could not serve as a notice of disclaimer of liability or denial of coverage, and would be relevant only in the event that the insured should claim that the insurer had waived its right to disclaim by conducting the defense. A reservation of rights letter has no relevance to the question whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage (see Allstate Ins. Co. v Gross, supra, at p 269). As for the commencement of this action, even assuming arguendo that it could serve as a notice of disclaimer of liability or denial of coverage, we conclude that where, as here, no explanation is offered for the delay in disclaiming liability or denying coverage, a delay of two months is unreasonable as a matter of law, and hence the *1030 insurer may not disclaim liability or deny coverage in this case.
Normally the question whether a notice of disclaimer of liability or denial of coverage has been sent "as soon as is reasonably possible” is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay (see Allstate Ins. Co. v Gross, supra, at p 270). It is only in the exceptional case that it may be decided as a matter of law. Where, however, as here, there is absolutely no explanation for the delay provided by the insurer, a delay of two months is, as a matter of law, unreasonable.
In response to the dissent, we note that the insurer has had a full opportunity to explain the delay, and has failed to do so. Although a two-month delay may often be easily justified, if in fact there be justification, no attempt was made to do so in this case, and speculation as to possible legitimate reasons for the delay is inappropriate. It is the responsibility of the insurer to explain its delay; it is not the function of the courts to engage in speculation as to what might have happened in order to remedy a failure of proof.