(December 19, 1985)

■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v FRANCIS RODRIGUEZ et al., Respondents, and JESSIE JAMES, Respondent.—Order, Supreme Court, New York County (Alfred Ascione, J.), entered on April 8, 1985, unanimously affirmed. Respondent Criterion Insurance Company shall recover of appellant $75 costs and disbursements of this appeal. Concur—Murphy, P. J., Sandler, Asch and Bloom, JJ.

Ellerin, J., concurs in a memorandum as follows: I concur in the result here only because further delaying these proceedings would merely serve to impede the ability of the nonappealing injured passenger to finally obtain a recovery, hereby frustrating the very purposes for which the ameliorative provisions of the Insurance Law were enacted.

I would note, however, that were the injured passenger, Rodriguez, the appellant herein, I could not find that Criterion's disclaimer "based upon lack of notice of this occurrence" is valid as to him. The uncontradicted facts in this somewhat sparse record show that the only notice of disclaimer from Criterion to Rodriguez (by way of his attorney) consisted of copies of the letters sent by Criterion (1) to Jessie James, the driver of the vehicle insured by it, disclaiming on the basis of his "nonpermissive use", and (2) to the *owner* of said vehicle, Elbert Dennis, Jr., disclaiming on the ground of *his* failure to timely report the accident. These communications contained no mention whatsoever that Criterion was also disclaiming by reason of the injured claimant Rodriguez' own "late notice" or his "lack of written notice", the basis on which Criterion proceeded at the trial.

Since an injured third-party claimant is not chargeable vicariously with the insured's delay in giving notice but has, instead, an independent right to give notice to the insurance carrier, the timeliness of which is judged by different standards than those governing notice by the insured *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028), a notice of disclaimer, such as was here sent by Criterion, which only specifies the grounds of disclaimer against the insured and driver but does not specifically address the basis for disclaimer against the third-party claimant must be held to be inadequate for such purpose as to the latter. In *General Acc.*

*Ins. Group v Cirucci* (46 NY2d 862) our Court of Appeals expressly held that even though a disclaimer might have been premised on late notice furnished by the third parties themselves, the failure to raise such ground in the letter of disclaimer precluded its subsequent assertion. The court stated (p 864): "Although an insurer may disclaim coverage for a valid reason (Insurance Law, § 167, subd 8) *the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated.* Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimants ability to ultimately obtain recovery. In addition, the insurer's responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters." (Emphasis added.)

Moreover, it appears that Criterion's notice of disclaimer, whatever its inadequacies, was not consonant with the timeliness requirements of Insurance Law § 167 (8) (now § 3420 [d]). It is conceded that the only notice of this accident received by Criterion was from claimant Rodriguez' attorney by way of a phone call on May 9, 1984 and that the notices of disclaimer were not sent until more than three months later, on August 22 and August 27. It is also uncontradicted that unlike the situation prevailing in *Jenkins v Burgos* (99 AD2d 217), where the alleged oral notice was disputed by the insurer, in this case the insurer not only acknowledges receipt of the oral notice but also acknowledges that upon receipt thereof it acted to set up a file on the matter and investigated the claim just as it would have done had the notice been in written form. Yet upon the trial it relied upon claimant Rodriguez' failure to provide written notice as the basis for sustaining its disclaimer against him. Aside from the fatal deficiency in failing to specifically raise such ground in the disclaimer letters sent to Rodriguez' attorney, the passage of three and one-half months before disclaiming on the ground of "no written notice" would, in any event, be unreasonable since the fact that the notice was oral was known to Criterion immediately upon receipt of the phone call of May 9 and was in no way related to the subsequent "investigation" undertaken by Criterion. *(Cf. Wright v Wright,* 35 AD2d 895.) It is well settled that a failure by the insurer to give notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer precludes effective disclaimer *(see, Hartford Ins. Co.*

*v County of Nassau,* 46 NY2d 1028; *Matter of Allstate Ins. Co. [Frank],* 44 NY2d 897; *Allstate Ins. Co. v Gross,* 27 NY2d 263) and this is so even if the insured or the injured claimant has in the first instance failed to give timely notice. An insurance carrier may not rely upon another's failure to give timely notice, where the carrier itself has unreasonably delayed in making a disclaimer *(Wright v Wright, supra; Cohen v Atlantic Natl. Ins. Co.,* 24 AD2d 896).