■ METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and MIGUEL A. VIGGIANI, Appellant.—In an action for a judgment declaring the rights and obligations of the parties under certain policies of insurance, the plaintiff Metropolitan Property and Liability Insurance Company and the defendant Viggiani separately appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered December 18, 1984, which, after a nonjury trial, declared that the defendant State Farm Mutual Automobile Insurance Company was not required to defend and indemnify with respect to the claim of the appellant Viggiani.

Judgment reversed, on the law and the facts, with one bill of costs, and it is declared that the defendant, State Farm Mutual Automobile Insurance Company, is obligated to defend and indemnify its insured Rodney C. Merkley, the estate of Theodore Fikes, Jr., and John Scully with respect to an accident which occurred on January 27, 1979.

On January 27, 1979, the appellant Viggiani was involved in an automobile accident with a vehicle owned by Rodney C. Merkley and operated by Theodore Fikes, Jr. State Farm learned of the accident on January 29, 1979, and began its investigation immediately thereafter. On February 1, 1979, a claims representative concluded, in a report, that his investigation was essentially completed and urged the company to immediately disclaim based on the fact that Fikes had operated the vehicle without Merkley's permission on the day of the accident. However, State Farm did not send a notice of disclaimer until April 17, 1979, approximately 2½ months after the accident. As a result of this disclaimer, Viggiani was required to look to Metropolitan for coverage afforded him under the uninsured motorist indorsement on his policy.

Insurance Law § 3420 (d) provides that an insurer which seeks to disclaim coverage must give notice of such disclaimer within a reasonable time, and an unexplained delay of two months has been declared unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). The record in the present case provides no adequate explanation for State Farm's delay of 2½ months.

Accordingly, the disclaimer was invalid. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.