■ MARK G. CASSARA, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Defendant agreed to provide plaintiff with excess liability insurance coverage with respect to plaintiff's operation of a nonowned vehicle, but excepted from such coverage injuries caused by the insured's operation of the vehicle for business purposes. Plaintiff was involved in an accident while operating a nonowned vehicle on December 28, 1985. Defendant disclaimed coverage in writing on April 21, 1986.

Special Term properly found the notice of disclaimer insufficient, as a matter of law, because it did not "promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). Moreover, even if the disclaimer was sufficient, it was not given "as soon as is reasonably possible" (Insurance Law § 3420 [d]). On this record, the unexplained and inexcusable delay of almost four months is unreasonable, as a matter of law *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Metropolitan*

*Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 119 AD2d 558; *Hartford Acc. & Indem. Co. v J. J. Wicks, Inc.,* 104 AD2d 289, 293), regardless of whether the insured has suffered prejudice by the delay *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 269-270).

We reject defendant's claim that, as an excess carrier, it has no duty to disclaim until it is informed that primary coverage has been exhausted. Plaintiff has established that the primary carrier's offer of its policy limit was rejected, and as long as there is a reasonable possibility that defendant's excess coverage may be reached, defendant has the duty to aid in the defense of its insured *(see, Russo v Rochford,* 123 Misc 2d 55, 62-66).

Lastly, Special Term correctly denied summary judgment to either party with respect to whether defendant's excess coverage will apply. On this record, whether plaintiff was operating the nonowned vehicle for a business purpose at the time of the accident is a triable question of fact. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—summary judgment.) Present—Doerr, J. P., Denman, Green, Pine and Lawton, JJ.