■ New York Central Mutual Fire Insurance Company, Appellant, v Shirley Markowitz et al., Respondents.—In an action for a judgment declaring the parties' rights in a homeowner's insurance policy, the plaintiff appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated June 18, 1987, which dismissed the complaint.

Ordered that the judgment is modified by adding to the first decretal paragraph thereof, following the words "the plaintiff's disclaimer of insurance coverage is invalid", the words "and the plaintiff is obligated to defend and indemnify the defendants in the personal injury action stemming from the incident of June 8, 1984, in which the infant defendant was allegedly injured"; as so modified, the judgment is affirmed, with costs to the defendants.

Contrary to the findings of the trial court, we conclude that, in delaying approximately seven months in contacting the plaintiff, the defendants failed "to do everything reasonably to be expected of them to ascertain the identity of the insurance carrier or to give it notice of the accident" (see, Safeguard Ins. Co. v Trent, 29 AD2d 780). The record reveals that there was an unexplained delay by the defendants in giving such notice and that such delay constituted a breach of the policy's provision requiring that notice be given "as soon as practicable". Nevertheless, we conclude that the plaintiff is estopped from disclaiming liability under the circumstances.

It is well settled that, "[a] failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029, rearg denied 47 NY2d 951; Insurance Law § 3420 [d]; see also, Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co., 119 AD2d 558). The foregoing rule is applicable "even if the insured or the injured claimant has in the first instance failed to give timely notice" (see, Matter of Aetna Cas. & Sur. Co. v Rodriguez, 115 AD2d 418, 420). Moreover, "[w]here the carrier itself has unreasonably delayed in making a disclaimer * * * it cannot take advantage of a failure to give timely notice of accident" (see, Safeguard Ins. Co. v Trent, supra, at 781; Matter of Aetna Cas. & Sur. Co. v Rodriguez, supra, at 420; Cohen v Atlantic Natl. Ins. Co., 24 AD2d 896).

At bar, the plaintiff was given notice of the defendants' claim on January 7, 1985, and delayed in informing the defendants of its intent to disclaim coverage for a period of over 6½ months. The principal grounds given for disclaimer—the untimeliness of the notice and its lack of specificity—were readily apparent to the plaintiff upon its receipt of the notice nor does the record contain any explanation for the delay in light of the reasons proffered in support of the disclaimer.

Under the circumstances presented, an unexplained delay of

6½ months is unreasonable as a matter of law (*cf., Hartford Ins. Co. v County of Nassau, supra; Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co., supra*). Consequently, the plaintiff is obligated to defend and indemnify the defendants in the underlying personal injury action, and we have modified the judgment accordingly. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.