■ DAVID S. KRAMER et al., Respondents, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* for a judgment declaring the rights of the parties under an insurance contract issued by the appellant Interboro Mutual Indemnity Insurance Company, the appeal, as limited by the appellant's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Smith, J.), dated February 14, 1990, as granted the plaintiffs' motion for summary judgment and directed the appellant to defend and indemnify the plaintiffs.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461, 462). Moreover, the foregoing rule is applicable even if the insured or the injured claimant has in the first instance failed to provide the carrier with timely notice of an accident *(New York Cent. Mut. Fire Ins. Co. v Markowitz, supra; Matter of Aetna Cas. & Sur. Co. v Rodriguez,* 115 AD2d 418, 420). This is particularly true where, as here, the sole ground for disclaiming was predicated upon the insured's failure to notify its carrier of the accident, and the ground for disclaiming liability was readily apparent to the carrier when it received notice of the accident *(cf., New York Cent. Mut. Fire Ins. Co. v Markowitz, supra).* Moreover, the record does not contain any explanation by the carrier for its delay in disclaiming. Where there is no explanation given by a carrier, a delay of two months in providing such notice is unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra).*

With respect to the carrier's assertion that a triable issue of

fact exists as to when it was first notified of the accident, we note that that contention was raised for the first time on appeal, and is therefore not properly before this court. "An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance" *(Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561; *see also, First Intl. Bank v Blankstein & Son,* 59 NY2d 436, 447). Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.