■ UNITED STATES LIABILITY INSURANCE COMPANY, Respondent, v STEPHEN YOUNG, Doing Business as RELIABLE DELIVERY LIMITED, et al., Defendants, and FLORENCE BALDASSARRE et al., Appellants.—In an action for a judgment declaring that the plaintiff is not obligated to defend nor indemnify its insured Reliable Delivery Limited in an action brought by the defendants Florence Baldassarre and John Baldassarre, the defendants Florence Baldassarre and John Baldassarre appeal (1) from a judgment of the Supreme Court, Kings County (Williams, J.), dated June 22, 1990, which, after a nonjury trial, granted the plaintiff the relief requested, and (2) as limited by their brief, from so much of an order of the same court, dated February 6, 1991, as upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment dated June 22, 1990, is dismissed, as the judgment was superseded by the order dated February 6, 1991, made upon reargument; and it is further,

Ordered that the order dated February 6, 1991, is reversed insofar as appealed from, on the law and facts, the judgment is vacated, and it is declared that the plaintiff must defend the action brought by the defendants Florence Baldassarre and John Baldassarre and pay any resulting judgment up to the limit of the insurance coverage, or pay any default judgment against Reliable Delivery Limited up to the limit of the insurance coverage; and it is further,

Ordered that the appellants are awarded one bill of costs.

The defendant Florence Baldassarre was assaulted by an employee of Reliable Delivery Limited (hereinafter Reliable) on July 14, 1986. After the attack but prior to 1987, Mrs. Baldassarre contacted her attorney in New Jersey with respect to the attack. Her New Jersey attorney informed her that she would need New York counsel and told her that he would find her suitable counsel. However, it was not until the spring of 1989 that the Baldassarres were referred to a New

York attorney who they subsequently retained. Thereafter, on May 16, 1989, the Baldassarres commenced an action against Reliable by the service of a summons. Upon Reliable's failure to answer the complaint, the Baldassarres' counsel discovered that the plaintiff was Reliable's liability insurance carrier. By a letter dated July 13, 1989, the Baldassarres' counsel sent the plaintiff a copy of the summons and complaint and notified the plaintiff that Reliable had been served with the summons and complaint. On September 7, 1989, after the plaintiff was unable to contact any representatives of Reliable, the plaintiff commenced the present action seeking a judgment declaring that it is not obligated to defend or indemnify Reliable in the action brought by the Baldassarres on the ground that *Reliable* had failed to give it notice of the action.

Insurance Law § 3420 (a) (3) provides that a notice of a claim to an insurer may be made by either the insured or the injured party. Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving a written notice of the disclaimer as soon as reasonably possible. However, "the notice of disclaimer must [also] promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). In the present case, the plaintiff's disclaimer, as asserted in the complaint, was based *only* on the insured's failure to serve a notice of claim. Thus, it was not effective against the injured party. The plaintiff is now estopped from raising the *injured party's* late notice in the instant action as a ground for disclaiming coverage *(see, General Acc. Ins. Group v Cirucci, supra; Fabian v MVAIC,* 111 AD2d 366). Therefore, the plaintiff must defend and/or indemnify in the action brought by the Baldassarres against Reliable and pay any resulting judgment up to the limit of the insurance coverage.

We have reviewed the parties' remaining contentions and find them to be without merit. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.