■ JULIAN WILCZAK et al., Respondents, v RUDA & CAPOZZI, INC., Doing Business as LAMP POST LOUNGE, et al., Defendants, and CO-OPERATIVE FIRE INSURANCE CORPORATION OF BERGHOLZ, Appellant. [611 NYS2d 73] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiffs' motion for summary judgment and in declaring that defendant insurance company (insurer) had a duty to defend and indemnify codefendants with respect to all causes of action alleged in plaintiffs' complaint. The issue is whether the insurer's almost two-month delay in disclaiming coverage, following late notice by the insured, is unreasonable as a matter of law.

In order to disclaim liability or deny coverage, an insurer is required to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage" to its insured and the injured person (Insurance Law § 3420 [d]). "[F]ailure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951; *see, Allstate Ins. Co. v Gross,* 27 NY2d 263; *see also, Matter of Allstate Ins. Co. [Frank],* 44 NY2d 897).

The insurer submitted proof that the delay in disclaiming was based upon its prompt, diligent and good faith investigation with respect to coverage. Even though the policy excluded a claim based upon a Dram Shop violation, the insurer asserted that it had to investigate the validity of plaintiffs' negligence claim and evaluate the insured's reason for giving late notice before it could make a proper determination whether to disclaim; piecemeal denials of coverage would frustrate its right to investigate claims.

We conclude that the reasonableness of the insurer's delay in disclaiming coverage constitutes a factual question that should not be resolved on a motion for summary judgment *(see, Allstate Ins. Co. v Moon,* 89 AD2d 804, 806). Supreme Court erred, therefore, in determining that the insurer's delay was unreasonable as a matter of law. Thus, plaintiffs' motion for summary judgment is denied and the declaration vacated. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Boehm, JJ.