■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v MARK J. ROSEN, Respondent. [613 NYS2d 664] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 9, 1992, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *see, Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461, 462). Moreover, this rule is applicable even if the insured has in the first instance failed to provide the carrier with timely notice of an accident *(see, Kramer v Interboro Mut. Indem. Ins. Co., supra; New York Cent. Mut. Fire Ins. Co. v Markowitz, supra).* This is particularly true where, as here, the sole ground for disclaiming was predicated upon the insured's failure to notify its carrier of the accident, and the ground for disclaiming liability was readily apparent to the carrier when it received notice of the accident *(see, Kramer v Interboro Mut. Indem. Ins. Co., supra; cf., New York Cent. Mut. Fire Ins. Co. v Markowitz, supra).* The fact that, two months after receiving the insured's notice

of claim, the insurer sent the insured a letter purporting to reserve its right to disclaim, does not warrant reversal since such a letter "could not serve as a notice of disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau, supra,* at 1029). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.