■ JOANNE B. WARD, Respondent-Appellant, v CORBALLY, GARTLAND & RAPPLEYEA, Appellant-Respondent, and PRUDENTIAL PROPERTY AND CASUALTY INSURANCE Co., Respondent. [615 NYS2d 430] —In an action, inter alia, to recover the proceeds from an underinsurance policy, the defendant Corbally, Gartland & Rappleyea appeals from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Donovan, J.), dated November 17, 1992, as denied its motion for summary judgment, and granted the cross motion of the defendant Prudential Property and Casualty Insurance Co. for summary judgment declaring that its disclaimer of underinsurance coverage was timely, and the plaintiff cross-appeals from so much of that order and judgment as denied her cross

motion for summary judgment and granted the motion of Prudential Property and Casualty Insurance Co.

Ordered that the order and judgment is reversed, on the law, with one bill of costs to the plaintiff and to the defendant Corbally, Gartland & Rappleyea, the cross motion of Prudential Property and Casualty Insurance Co. is denied, the motion of the defendant Corbally, Gartland & Rappleyea and the cross motion of the plaintiff are granted, and it is declared that the disclaimer of underinsurance coverage by Prudential Property and Casualty Insurance Co. is untimely.

On November 7, 1985, the plaintiff Joanne B. Ward was seriously injured in a two-car automobile accident. She retained the defendant Corbally, Gartland & Rappleyea (hereinafter Corbally), which commenced a suit against the other driver. The other driver settled for the limits of his policy. Ward's insurance carrier became aware of the settlement on or about March 9, 1987. In 1988, Ward discovered that she had underinsurance coverage at the time of the accident and immediately filed a claim with her insurance carrier the defendant Prudential Property and Casualty Insurance Co. (hereinafter Prudential). A little more than two months later, Prudential disclaimed underinsurance coverage on the following expressly stated grounds: (1) that Ward's notice of claim was untimely, (2) that Ward never gave Prudential notice that she was commencing an action against the other driver, (3) that Ward settled the matter without Prudential's consent, and (4) that Ward failed to forward copies of the pleadings to Prudential, as well as other grounds, apparently related to Prudential's subrogation rights.

A notice of disclaimer must "promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864). Moreover, it is well-settled that an insurance carrier must give the insured timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029; see also, Insurance Law § 3420 [d]). This rule is applicable even if the insured, in the first instance, had failed to provide the carrier with timely notice of its claim (see, Kramer v Interboro Mut. Indem. Ins. Co., 176 AD2d 308; New York Cent Mut. Fire Ins. Co. v Markowitz, 147 AD2d 461). It was therefore the insurer's burden to explain the delay in notifying the insured of its disclaimer (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, supra), and the reasonable-

ness of any such delay must be determined from the time the insurer was aware of sufficient facts to disclaim *(see, Matter of Allcity Ins. Co. [Jimenez],* 78 NY2d 1054, 1056; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547). Here, Prudential was fully aware of the facts underlying its disclaimer on August 25, 1988, the day it received the letter apprising it of Ward's underinsured motorist claim *(see, Matter of Allcity Ins. Co. [Jimenez], supra,* at 1054). However, Prudential did not disclaim until over two months later. Prudential's own records indicate that within a few days of receiving the claim, it determined that it would disclaim based upon information which Prudential had been in possession of since March 1987. Accordingly, Prudential's two-month delay is untimely as matter of law *(see, Consolidated Edison Co. v Hartford Ins. Co.,* 203 AD2d 83; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547, *supra).* Miller, J. P., Ritter, Santucci and Altman, JJ., concur.