■ In the Matter of NATIONWIDE INSURANCE COMPANY, Appellant, v MARLENE FREEHILL et al., Respondents. [637 NYS2d

800] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner Nationwide Insurance Company appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered August 26, 1994, which dismissed the petition.

Ordered that the order is affirmed, with costs to the respondent Marlene Freehill.

The insured claims to have sustained injuries when the vehicle in which she was a passenger was struck in the rear by a second vehicle, propelling her vehicle into the rear of a third vehicle. The insured brought an action against the owner of the second vehicle, which was settled for the full limit of its bodily injury liability coverage, but did not take legal action against the owner of the third vehicle. Approximately eight months after the accident, the insured filed a claim under the Supplemental Uninsured Motorist indorsement of her policy with the appellant.

Contrary to the appellant's contentions, the duty of an insurance carrier to disclaim coverage promptly extends to those situations where the disclaimer is based upon the insured's failure to provide a timely notice of claim (see, Ward v Corbally, Gartland & Rappleyea, 207 AD2d 342, 343; Kramer v Interboro Mut. Indem. Ins. Co., 176 AD2d 308; New York Cent. Mut. Fire Ins. Co. v Markowitz, 147 AD2d 461). The carrier's unexplained delay of more than two years in denying coverage was unreasonable as a matter of law (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030; Ward v Corbally, Gartland & Rappleyea, supra; Farmers Fire Ins. Co. v Brighton, 142 AD2d 547, 548).

Moreover, the insured's failure to exhaust the limits of the third vehicle's bodily injury liability coverage does not defeat her claim for underinsurance based on the underinsured status of the second vehicle (see, S'Dao v National Grange Mut. Ins. Co., 87 NY2d 853; Passaro v Metropolitan Prop. & Liab. Ins. Co., 128 Misc 2d 21, affd 124 AD2d 647). Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.