■ UTICA MUTUAL INSURANCE COMPANY, Appellant, v ROBERT GATH et al., Respondents. [695 NYS2d 839] —Judgment unanimously affirmed without costs. Memorandum: In May 1994 defendant Sue Ellen Misner was injured while riding her bicycle on the sidewalk in front of property owned by defendant Robert Gath. Misner fell from her bicycle when she rode into a piece of rope Gath had extended from a stake in his yard

to the telephone pole across the sidewalk. Misner notified Gath in November 1996 of her intention to file a claim with plaintiff, Gath's insurer. Gath immediately notified plaintiff of the claim and forwarded to plaintiff the letter he received from Misner. In February 1997 Misner commenced a personal injury action against Gath, and in March 1997 her attorney communicated, both orally and in writing, with a representative of plaintiff concerning the incident. Plaintiff disclaimed coverage on the ground that Gath failed to provide timely notice of the claim and thereafter commenced this action in April 1997, seeking a declaration that it has no duty to defend or indemnify Gath in the underlying personal injury action.

Supreme Court properly granted the motions of Gath and Misner for summary judgment, denied plaintiff's cross motion for summary judgment and declared that plaintiff has a duty to defend and indemnify Gath in the underlying personal injury action. Where an insurer disclaims coverage, "the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864; *see, Wraight v Exchange Ins. Co.* [appeal No. 2], 234 AD2d 916, 917-918, *lv denied* 89 NY2d 813). Misner, the injured party, had an independent right to provide written notice to plaintiff and is not bound by Gath's allegedly late notice (*see, General Acc. Ins. Group v Cirucci, supra*, at 863-864; *Wraight v Exchange Ins. Co., supra*, at 917; *Walters v Atkins*, 179 AD2d 1067, 1068). Although Misner provided such written notice, the notice of disclaimer addressed to Gath, a copy of which was sent to Misner's attorney, disclaimed coverage based only on Gath's failure to provide timely notice. That notice of disclaimer is not effective against Misner, and plaintiff therefore is estopped from raising Misner's alleged failure to provide timely notice of the claim as a ground for disclaiming coverage (*see, Eagle Ins. Co. v Ortega*, 251 AD2d 282; *Wraight v Exchange Ins. Co., supra*, at 918; *United States Liab. Ins. Co. v Young*, 186 AD2d 644, 645, *lv denied* 81 NY2d 711). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.— Declaratory Judgment.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.