■ LEGION INSURANCE COMPANY, Appellant, v ABRAHAM WEISS, Respondent. [723 NYS2d 235] —In an action for a judgment declaring, in effect, that the plaintiff is not obligated to defend and/or indemnify the defendant in an underlying personal injury action entitled *Jordan v Weiss,* pending in the Supreme Court, Kings County, under Index No. 46083/99, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 12, 2000, which granted the defendant's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the

entry of a judgment declaring that the plaintiff is obligated to defend and/or indemnify the defendant in the underlying personal injury action entitled *Jordan v Weiss,* pending in the Supreme Court, Kings County, under Index No. 46083/99.

Insurance Law § 3420 (a) (3) provides that a notice of a claim to an insurer may be made either by the insured or by the injured party. Insurance Law § 3420 (d) provides that an insurer may disclaim coverage by giving written notice of the disclaimer as soon as reasonably possible. However, "the notice of disclaimer must [also] promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). The plaintiff's disclaimer of coverage was based only on the defendant's failure to notify it of the claim. The disclaimer, therefore, was not effective against the injured party, who gave notice of the claim, and the plaintiff is estopped from raising the injured party's allegedly late notice in the instant action as a ground for disclaiming coverage. Thus, the Supreme Court properly granted the defendant's motion for summary judgment declaring that the plaintiff must defend and/or indemnify the defendant in the underlying action (*see, Utica Mut. Ins. Co. v Gath,* 265 AD2d 805; *Eagle Ins. Co. v Ortega,* 251 AD2d 282; *United States Liab. Ins. Co. v Young,* 186 AD2d 644). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.