**FIRST FINANCIAL INSURANCE COMPANY, Plaintiff,**

v.

**CITY WIDE WINDOW CLEANING COMPANY, Michael Hoszowski d/b/a/ City Wide Cleaning Company, and Darlene Masucci–Matarazzo, Defendants.**

**No. 01 Civ.2073(MGC).**

United States District Court, S.D. New York.

March 27, 2003.

Law Offices of John C. Lane, New York, NY, By: Peter C. Bobchin, for Plaintiff.

Michael E. Zapin, New York, NY, By: Michael E. Zapin, for Defendants City Wide Cleaning Company and Michael Hoszowski.

Thomas Torto, New York, NY, By: Thomas Torto, for Defendant Masucci–Matarazzo.

## OPINION

CEDARBAUM, District Judge.

This is a declaratory judgment action in which First Financial Insurance Company seeks a declaration that it owes no insur-ance coverage to City Wide Window Cleaning Company, its principal Michael Hoszowski, or Darlene Masucci–Mataraz-zo, a party injured by City Wide's negli-gence. It is undisputed that City Wide failed to comply with the requirement of the policy that it provide timely notice of the occurrence for which coverage is sought. The only issue in this case is whether First Financial disclaimed cover-age "as soon as reasonably possible," as required by New York Insurance Law § 3420(d). The parties have submitted this case for trial on the papers.

*Facts Before the Court*

The following facts have been submitted jointly by the parties as undisputed, and as the only facts on which judgment should be based.

On August 27, 1999, Masucci–Matarazzo was injured when a window pane in the dining room of her apartment was unex-pectedly ejected from its track. Masucci–Matarazzo claimed that her injuries were caused by the negligence of City Wide. On September 9, 1999, Masucci–Matarazzo's attorney notified City Wide of her injuries. On January 18, 2000, Masucci–Matarazzo's commenced an action in the New York State Supreme Court against City Wide and Hoszowski. More than a year after this declaratory judgment action was com-menced, Masucci–Matarazzo obtained a judgment against City Wide in the amount of $37,900.

In February 2000, Hoszowski first noti-fied City Wide's insurance broker of the accident. On February 17, 2000, City Wide's broker faxed to First Financial an initial Confirmation of Claim. This fax was First Financial's first notice of the accident and the lawsuit.

Upon receipt of the summons and com-plaint on February 17, 2000, First Finan-cial retained R.M.G. Investigations ("RMG"), as its agent, to investigate and

otherwise handle the defense of Masucci–Matarazzo's underlying claim. By letter dated February 22, 2000, RMG advised First Financial that its preliminary investigation reflected that Hoszowski had mentioned that he had heard something about the incident a month or two after it occurred. In this letter, RMG advised First Financial that "it appeared that we may be dealing with a late notice issue." On February 23, RMG conducted an interview with Hoszowski, during which Hoszowski stated that during the first or second week of October 1999, Hoszowski was informed by the building superintendent that the incident involved a window that either collapsed or malfunctioned. RMG prepared a report dated March 7, 2000, stating that "it appears that late notice is quite clear." This report was received by First Financial on March 13, 2000. On April 7, 2000, First Financial authorized RMG to disclaim coverage based on late notice. By letter dated April 10, 2000, First Financial disclaimed coverage to City Wide.

*Analysis*

New York Insurance Law § 3420(d) provides:

> If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

The leading decision interpreting this provision is *Hartford Insurance Company v. County of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979). *Hartford* involved an insurer's unexplained two-month delay in providing an insured with notice of its disclaimer of coverage. The New York Court of Appeals held that

where there is "absolutely no explanation for the delay provided by the insurer, a delay of two months is, as a matter of law, unreasonable." *Id.* at 1030, 416 N.Y.S.2d 539, 389 N.E.2d 1061. "Courts have deemed insurers' explanations for delayed notification insufficient where the basis for denying coverage was or should have been readily apparent to the insurer even before the onset of the delay." *New York University v. First Financial Insurance Company, et. al*, 2003 WL 1227575, *4 (2d Cir.2003).

In this case, the fact that City Wide's notice was untimely was readily apparent to First Financial, through its agent RMG, on February 23, 2000 at the latest—the day on which Hoszowski told RMG that he had been aware of the accident more than four months prior to notifying First Financial. First Financial provides no explanation for its 47 day delay in disclaiming coverage, other then that the matter was under investigation by RMG. However, since First Financial had knowledge of the basis for denying coverage, any such unexplained additional investigation was unnecessary.

Whether as a matter of law or fact, First Financial's 47 day delay in notifying City Wide of its disclaimer of coverage, without an explanation of why such a delay was necessary, is unreasonable. Accordingly, First Financial's is not entitled to a declaratory judgment in its favor, and the Clerk is directed to enter judgment dismissing the complaint.

SO ORDERED.