■ CITY OF NEW YORK et al., Appellants, v UTICA MUTUAL IN-SURANCE COMPANY, Respondent. [827 NYS2d 17]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered December 6, 2005, which, in this action seeking declaratory relief, granted plaintiffs' motion for summary judgment only to the extent of declaring that defendant Utica Mutual Insurance Company (Utica) is precluded from asserting a late notice of claim defense, unanimously modified, on the law, to grant plaintiffs' motion to the further extent of declaring that Utica is precluded from disclaiming based on any policy exclusion, and otherwise affirmed, without costs.

Plaintiffs City of New York, New York City Health and Hospitals Corporation, and Bovis Lend Lease LMB, defendants in the underlying personal injury action, together with their insurer, National Union Fire Insurance Company of Pittsburgh, Pa., seek a declaration that defendant insurer must defend and indemnify the personal injury action defendants. Plaintiffs' argument that defendant is collaterally estopped from litigating whether it is obligated to defend and indemnify plaintiffs was properly rejected by the motion court, since the prior determination relied upon by plaintiffs involved litigants, property conditions and alleged injury-producing events different from those in the underlying action.

The motion court also properly determined that Utica's disclaimer of insurance coverage was untimely, as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]). However, it erred in precluding Utica only from asserting a late notice defense. Utica's failure to give timely notice to plaintiffs also precludes it from disclaiming based on any policy exclusion, including, of course, that premised upon "acts of the additional insured" (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]). Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.