■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v STANLEY HOLLANDER et al., Respondents. [644 NYS2d 214]

Licha Rosado and her daughter Grace Ann Rodriguez, who are also named defendants in this action, lived in an apartment in a building at 2705 Marion Avenue in the Bronx from 1980 until 1992. For part of that period, from October 1983 to October 1985, defendants Stanley Hollander, 2705 Marion Equities and Hollander Management Corp. (hereinafter referred to as "defendants" or "insureds") owned and managed that building.

In January 1992, Licha Rosado and her daughter Grace commenced an action against the various owners of the building, including the insureds, during the period 1980 through 1992, alleging that as a result of the various owners' negligence, Grace consumed lead paint chips and developed lead poisoning. Defendants' counsel forwarded the summons and complaint to the plaintiff insurer, requesting that plaintiff undertake the defense of the insureds in the negligence action. Some four months later, the insurer disclaimed coverage under its policy with the insureds, asserting that, in 1984, the insureds had been advised by the Health Department that there were lead paint violations in the apartment, and that the insureds had not given notice of an "occurrence" that may result in a claim "as soon as practicable" as required by the policy of insurance.

After a trial, the IAS Court found that there was a question whether the landlord actually received the notices from the City since Hollander testified he had no recollection of receiving these or any other notices concerning lead in the building and since there was a discrepancy as to the address of the landlord in the notices and a spelling error as to the addressee. Further, even assuming the landlord had received the notice, the court found there was a question whether the notice contained an attachment relating to Grace Rodriguez. Thus, the court noted that "[t]here is some evidence that the—that a notice of metallic lead was sent to the landlord but not that a particular child had ingested lead or had a lead level which would or should or could have formed the basis of a lead poisoning claim." The court found that "we simply have notice on file with the Commissioner of Health that there was a lead condi-

tion. We have a landlord correcting a lead condition. But we don't have clear evidence that a particular claim was going to be made."

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage (*Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). There may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse (*Security Mut. Ins.*, 31 NY2d, at 441)." (*White v City of New York*, 81 NY2d 955, 957.)

Although the trial court incorrectly noted that the plaintiff insurer had the burden of proof, this error did not negate its findings of fact with respect to the failure of the insureds to receive the notices and the insureds' "reasonable belief in nonliability", even assuming receipt of the notices. The existence of such a reasonable belief is a question of fact for the fact finder to decide (*see*, *Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750). The findings of the trial court, which had the opportunity to hear and observe the witnesses and their demeanor, should be accorded the greatest respect and should not be disturbed upon appeal, even if there is some evidence tending to the contrary result, as long as the findings have sufficient support in the record (*Eschbach v Eschbach*, 56 NY2d 167, 173; *829 Seventh Ave. Co. v Reider*, 111 AD2d 670, 672). "Moreover, the trial court's determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence [citations omitted]" (*Universal Leasing Servs. v Flushing Hae Kwan Rest.*, 169 AD2d 829, 830).

Applying these standards, we find that there was sufficient evidence in the record to support the trial court's determination that defendants did not receive notices from the Department of Health concerning an alleged injury to tenants and defendants' reasonable belief in its nonliability, and therefore, defendants' prompt notification of plaintiff insurer upon receipt of the summons and complaint in the underlying negligence action was timely. Concur—Murphy, P. J., Milonas, Ross, Nardelli and Tom, JJ.