■ KAYLA SEALS et al., Infants, by ARLENE SEALS, Their Mother and Guardian, Plaintiffs, v JAMES POWELL, Defendant, and WILLIAM SPEEN et al., Defendants and Third-Party Plaintiffs-Respondents. EXCHANGE INSURANCE COMPANY, Third-Party Defendant-Appellant. [653 NYS2d 452] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 6, 1996 in Chemung County, which granted third-party plaintiffs' motion for summary judgment on their third-party complaint.

Plaintiffs seek to recover for injuries allegedly sustained as a result of having been exposed to lead paint while living in rented premises (hereinafter the property) owned by defendants William Speen, Tony Delnero and John Lavo (hereinafter collectively referred to as defendants). Defendants were covered by a landlords' insurance policy issued by third-party defendant, which provided liability coverage for claims of bodily injury arising from the ownership, maintenance or use of the property. As a condition precedent to recovery under the policy, however, the insured parties were required to "promptly give [third-party defendant] or [its] agent notice" if they were to "become[] aware of anything that indicates there might be a claim". Believing that defendants had not complied with this prompt notice provision, third-party defendant disclaimed coverage in connection with the instant action and defendants commenced a third-party action seeking to compel third-party defendant to defend and indemnify them.

After issue was joined in the third-party action, Speen and Delnero moved for summary judgment, which was granted,

against third-party defendant. Searching the record, Supreme Court also awarded Lavo summary judgment, holding, as a matter of law, that defendants had a reasonable belief in nonliability prior to the commencement of plaintiffs' action, which excused their furnishing late notice to the insurer of the underlying "occurrence". This appeal by third-party defendant followed.

The record discloses that on August 28, 1990, defendants were notified by the Chemung County Health Department that the property had been evaluated for sources of lead, and that peeling lead paint on the exterior rear porch and garage would have to be removed. On January 24, 1991, they received a second communication from the Health Department, stating that further investigation had been undertaken "because three children are living there with elevated blood lead levels", and that additional corrective action was required. After defendants received this letter, plaintiffs were removed from the premises so that the additional repairs could be made without exposing them to any potential risk.

It is third-party defendant's position that upon receipt of these two communications, particularly the last one, defendants should have been aware of the possibility that plaintiffs might seek to hold them liable for bodily injury, and that their failure to notify it of the pertinent facts until August 1991, when defendants were actually informed of plaintiffs' intention to sue, vitiates their right to coverage. Defendants, on the other hand, contend that the letters were insufficient to place them on notice that they might be liable for any injury, because they did not state that any harm had actually been sustained or that plaintiffs' elevated blood lead levels resulted from the conditions in defendants' building.

The reasonableness of an insured party's belief in nonliability, and of its failure to conduct further inquiry when presented with evidence arguably indicative of potential liability, are generally questions of fact (see, Public Serv. Mut. Ins. Co. v Hollander, 228 AD2d 283, 285, lv denied 88 NY2d 816; G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co., 215 AD2d 821, 822; Mobile Home Estates v Preferred Mut. Ins. Co., 105 AD2d 883, 884). Here, the Health Department notices indicated both that lead paint was present on their property and that the tenant children's blood lead levels had remained elevated while they were living there. This at least raises a question as to whether, given all of the circumstances, defendants' failure to recognize the possibility that a claim might be asserted against them, or to make further inquiry as to whether the levels were sufficiently high as to be potentially injurious, was reasonable.

This is not a situation where it is clear that the injury in question was caused by a third party (*compare, Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913, 915), where there was no indication of any defect in the insured's premises (*compare, 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.*, 37 AD2d 11, 12, *affd* 30 NY2d 726), or where, though inquiry was made, it did not reveal the existence of an actionable injury (*compare, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 751), such that there would have been no basis at all for believing that legal action might ensue. And, *Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs.* (893 F Supp 242), in which it was determined that a health department order had not placed a landlord on notice of a possible lead poisoning claim, is distinguishable, at the very minimum, because the question of reasonableness of the notice given by the insured was not decided on a motion for summary judgment, as a matter of law, but as a factual matter after a bench trial.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.