■ Tops Markets, Inc., Respondent, v Maryland Casualty, Appellant. (Appeal No. 1.) [700 NYS2d 889] —Appeal unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.

■ Tops Markets, Inc., Respondent, v Maryland Casualty, Appellant. (Appeal No. 2.) [700 NYS2d 325] —Judgment unanimously reversed on the law without costs, motion denied, cross motion granted and complaint dismissed. Memorandum: In 1987 plaintiff, Tops Markets, Inc. (Tops), contracted with Broadcast International (BI) to provide background music in plaintiff's facility. BI was required to obtain liability insurance naming plaintiff as an additional insured. It did so on its policy with defendant, Maryland Casualty (Maryland). Tops also had its own liability insurance with Royal Insurance (Royal). In 1988 an employee of BI was injured at a Tops facility and sued Tops. Royal tendered the defense of the action to Maryland.

In 1992 Maryland asked Royal, as a coinsurer, to contribute equally to a settlement or verdict. Royal and Maryland contributed equally to a postverdict settlement of over $950,000 and, pursuant to the terms of its policy with Tops, Royal charged back to Tops the sum of $250,000. Tops then commenced this action against Maryland, contending that Maryland was obligated to pay the $250,000 as damages for a suit covered by Maryland's policy.

Supreme Court erred in granting Tops' motion for summary judgment and denying Maryland's cross motion for summary

judgment dismissing the complaint. The court determined that the request by Maryland for contribution from Royal was the equivalent of a disclaimer or denial of coverage under Insurance Law § 3420 (d) and that, because the disclaimer was made more than 2½ years after the commencement of the underlying personal injury action, it was untimely as a matter of law. That was error. An insurer has a right to seek contribution from an obligated coinsurer (*see, National Union Fire Ins. Co. v Hartford Ins. Co.*, 248 AD2d 78, 85, *affd* 93 NY2d 983). The purpose of Insurance Law § 3420 (d) is to protect the insured, the injured party "and any other interested party who has a real stake in the outcome" from prejudice resulting from a belated denial of coverage (*Excelsior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127). That section is inapplicable to a request for contribution between coinsurers. Maryland never denied or disclaimed coverage to the insured.

Further, we conclude that Royal was obligated to contribute its ratable share of the settlement. " '[W]here insurance policies provide coverage for the same interest and against the same risk, concurrent coverage exists and two or more primary insurers will be held to be coinsurers' " who must contribute a ratable portion of the amount paid (*National Union Fire Ins. Co. v Hartford Ins. Co., supra,* at 84, quoting *Southgate Owners Corp. v Public Serv. Mut. Ins. Co.*, 241 AD2d 397, 398; *see, Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 686-687). Royal and Maryland both had "other insurance" clauses in their policies that rendered them primary insurers for the injury to the BI employee. The excess insurance clause in the Maryland policy contained exceptions that are inapplicable to this case (*see, Great N. Ins. Co. v Mount Vernon Fire Ins. Co., supra,* at 687). The obligation of Royal to contribute to the settlement is an obligation separate and distinct from the contract provisions between Tops and BI (*see, National Union Fire Ins. Co. v Hartford Ins. Co., supra,* at 85), and Maryland did not violate any obligation to Tops when it enforced its rights against Royal.

Maryland contends that the $250,000 charged to Tops by Royal constituted a retrospective premium for which Maryland is not liable. Whether that sum is deemed a deductible, as argued by Tops, or a retrospective premium is of no moment. The insurers properly shared equally in paying damages to the injured person, and each was entitled to rely on the provisions of its own policy covering Tops. Maryland had no deductible or retrospective premium adjustment provision, while Royal did. We conclude, therefore, that Tops' motion should have been

denied, Maryland's cross motion granted and the complaint dismissed. (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.