(June 25, 2002)

■ GENERALI-U.S. BRANCH, Respondent, v JUSTIN ROTHSCHILD et al., Appellants, et al., Defendants. [744 NYS2d 159] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 9, 2001, which granted plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify defendants in an underlying negligence action and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, plaintiff's motion denied, and otherwise affirmed, without costs.

Plaintiff provided commercial general liability insurance coverage for the insureds, the Rothschild defendants, for premises located in the Bronx, which included an apartment rented by the Eromosele family. Generali insured the premises from October 1987 through October 1991. The Eromosele family were defendants' tenants from March 1986 through August 1997. In February and March 1992, the Eromoseles and a social worker notified the Rothschilds in writing that the Ermomoseles' children had consumed peeling paint in the apartment and had tested positive for lead poisoning. The Rothschilds were subsequently issued lead paint violations by the municipal Department of Housing Preservation and Development in 1992 and 1997. In October 1997, the Eromoseles commenced a negligence action against the Rothschilds alleging that their children suffered lead paint poisoning caused by chipping, flak-

ing and peeling lead paint in the premises. Plaintiff insurer was notified of the Eromosele litigation on January 5, 1998 when its claims adjuster received a loss notice and a copy of the summons and complaint. By letter dated January 7, 1998, the claims adjuster notified the Rothschilds of receipt of the claim and expressly reserved plaintiff's right to disclaim coverage if it later determined that the Rothschilds had breached the timely notification requirement of the insurance policy. Plaintiff received copies of the 1992 Eromosele letter and other relevant documents on January 14, 1998. During the next two weeks, the claims adjuster and plaintiff's coverage counsel reviewed those documents and coverage counsel was authorized to take any necessary steps to deny coverage and remove plaintiff from its involvement with the Eromosele litigation. The instant declaratory judgment action was served on the Rothschild defendants by March 13, 1998. The IAS court thereafter granted plaintiff summary judgment based on an agreed statement of facts, declared that plaintiff was not obligated to defend or indemnify defendants in the Eromosele negligence action and denied defendants' cross motion for summary judgment.

On this appeal, the Rothschilds claim that (1) Generali cannot offer a reasonable excuse for the delay in disclaiming coverage and (2) Generali was not entitled to disclaim coverage since defendants were not required to give Generali notice of the claim until late 1997 when they were served with the Eromosele action. While we agree that Generali's delay of two months in disclaiming was reasonable as a matter of law, we also find that an issue of fact exists whether the insureds were required to notify Generali in 1992 when they received the letters from the tenant and the social worker reporting lead poisoning of the children.

An insurer may not disclaim liability if it fails to give the insured timely notice of disclaimer (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028). The reasonableness of any delay in disclaiming coverage must be judged from that point in time when the insurer is aware of sufficient facts to issue a disclaimer (*All City Ins. Co. v Pioneer Ins. Co.*, 194 AD2d 424). Generali did not have possession of the information necessary to make a coverage determination until it received the documents on January 14, 1998. The decision to disclaim was made within the following two weeks and this action was commenced by mid-March. Commencement of a declaratory judgment action constitutes sufficient notice of disclaimer and commencement of such an action within two months after a decision to

disclaim is reasonable and timely (*Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi*, 121 AD2d 276, *lv denied* 68 NY2d 611). This is not a case of unexplained delay of two months, such as would render the disclaimer untimely as a matter of law (*Hartford Ins. Co. v County of Nassau, supra*; *Mount Vernon Fire Ins. Co. v City of New York*, 236 AD2d 296; *Ward v Corbally, Gartland & Rappleyea*, 207 AD2d 342, *lv denied* 84 NY2d 812).

When the Rothschilds received the tenant and social worker letters in 1992, Generali was not the insurer for the building. The Rothschilds further contend, relying upon record evidence, that there was no reason for them to believe that a claim would be made prior to receipt of the Eromosele suit since there is no official record of lead paint violation prior to 1997 and there was evidence that the apartment met acceptable lead levels in 1997. A good faith belief of nonliability may excuse or explain a seeming failure to give timely notice to the insurer (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). The reasonableness of an insured party's belief of nonliability is generally a question of fact (*Seals v Powell*, 236 AD2d 700). When notified by the tenants and social worker of a claimed lead paint problem, the Rothschilds were only asked to repaint, which they did. No further complaints were made for years and when made, there is evidence that the lead levels were safe. On the existing record, a question of fact exists as to whether the insureds' belief was reasonable. Concur— Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.