■ BLUE RIDGE INSURANCE COMPANY, Appellant, v EMPIRE CONTRACTING AND SALES, INC., et al., Defendants, and MITCHELL JUNEAU, Respondent. [900 NYS2d 670]—In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Empire Contracting and Sales, Inc., in an underlying personal injury action entitled *Patenaude v Empire Contr. & Sales, Inc.*, pending in the Supreme Court, Clinton County, under index No. 01-0349, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 21, 2009, which granted the motion of the defendant Mitchell Juneau for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Mitchell Juneau for summary judgment is denied.

Under the facts of this case, the Supreme Court erred in granting the motion of the defendant Mitchell Juneau for summary judgment. In support of his motion, Juneau failed to make a prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Pursuant to Insurance Law § 3420 (d) (2), an insurer "shall give written notice as soon as is reasonably possible of [its] disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Here, the plaintiff's commencement of the subject declaratory judgment action on August 15, 2001, constituted timely notice of disclaimer as to

Juneau (*see Generali-U.S. Branch v Rothschild*, 295 AD2d 236, 237-238 [2002]; *see also Continental Cas. Co. v Employers Ins. Co. of Wausau*, 60 AD3d 128, 135 [2008]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.