18-3022
*United Financial Casualty Co. v. Country-Wide Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand nineteen.

Present:
>  DENNIS JACOBS,
>  DEBRA ANN LIVINGSTON,
>  SUSAN L. CARNEY,
>  *Circuit Judges*.

---

UNITED FINANCIAL CASUALTY COMPANY,

>  *Plaintiff-Appellant*,

>  v.                                                      18-3022

COUNTRY-WIDE INSURANCE COMPANY,

>  *Defendant-Appellee*.*

---

For Plaintiff-Appellant:          LAURENCE J. RABINOVICH, Barclay Damon, LLP, New York, NY.

For Defendant-Appellee:          THOMAS TORTO, Esq., New York, NY.

---

* The Clerk of the Court is directed to amend the caption of this case as set forth above.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant United Financial Casualty Company ("UFCC") appeals from an order of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*), dated September 26, 2018, granting the motion for summary judgment made by Defendant-Appellee Country-Wide Insurance Company ("Country-Wide") in this action for a declaratory judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we describe only as necessary to explain our decision to VACATE and REMAND.

## I.     Background

This case is about which of two insurers is responsible for providing Juan Pineda ("Pineda") with defense and indemnity coverage in a lawsuit arising out of a three-vehicle collision in which Pineda was involved while hauling goods for International Trucking Group ("ITG"). Although it did not become clear until discovery commenced in the instant action, Pineda was potentially entitled to coverage under one of two insurance policies: (1) a motor carrier liability policy issued by Country-Wide to ITG; and (2) a "non-trucking liability" policy issued by UFCC to T.F. Victors Trucking Company, Inc., Pineda's employer and the owner of a 2011 Freightliner that was leased to ITG and which Pineda was driving on the day of the accident. The UFCC "non-trucking liability" policy contains an exclusion, applicable only when other insurance is available, for automobiles being used "[t]o carry property in any business, or while such property is being

2

loaded onto or unloaded from the insured auto"—in other words, as relevant here, for when a truck is being used for business purposes. A-103.

UFCC assumed Pineda's defense on July 18, 2016, but immediately contacted Country-Wide to tender Pineda's defense to Country-Wide, based on UFCC's discovery in the U.S. Department of Transportation's Licensing and Insurance database that Country-Wide had a policy covering ITG. UFCC suspected that this policy would cover Pineda, and would take primacy over UFCC's non-trucking policy, given that Pineda had been operating a truck (which had been leased to ITG) for business purposes at the time of the collision. UFCC's attempts to reach Country-Wide were repeated and took place over an extended time period in 2016, including on July 7, July 11, July 12, August 11, August 26, September 2, September 19, September 27, and October 17.

On January 13, 2017, Country-Wide for the first time responded to UFCC's communications, affirming by letter that it was "hereby reject[ing] [UFCC's] tender and hereby den[ying] and disclaim[ing] coverage for Juan Pineda." A-356. The letter further asserted that UFCC owed Pineda coverage under UFCC's policy and had "taken the proper steps in providing defense and indemnity" to Pineda. A-356.

On March 6, 2017, 52 days after UFCC received the January 13 letter, UFCC filed the instant action for declaratory judgment. UFCC sought declarations that (1) it had no duty to defend or indemnify Pineda; (2) Country-Wide had a duty to defend Pineda; (3) Country-Wide had a duty to indemnify Pineda; and (4) Country-Wide must reimburse UFCC for costs incurred defending Pineda. Country-Wide argued that UFCC was estopped from denying coverage because it had failed to promptly serve a notice of disclaimer under New York Insurance Law § 3420(d)(2). In response, UFCC argued that its disclaimer had been timely, and that in any event, as an insurer, Country-Wide lacked standing to invoke § 3420(d).

3

Both parties moved for summary judgment. The district court granted Country-Wide's motion. After rejecting UFCC's argument that Country-Wide could not invoke § 3420(d), the court determined that under § 3420(d)(2)'s requirement that insurers disclaim liability "as soon as is reasonably possible," UFCC had failed to act with the requisite swiftness. SPA-6. In the district court's view, UFCC had "ma[de] plain that the filing of the instant action (its disclaimer) was predicated upon information it received in Country Wide's January 13, 2017 letter." SPA-6. As a result, the district court concluded that as of January 13, UFCC had "sufficient knowledge of facts entitling it to disclaim," and that the "52-day delay in filing a disclaimer [was] unreasonable as a matter of law and [UFCC] [was] therefore precluded from disclaiming coverage." SPA-7. UFCC timely appealed.

## II.     Discussion

We review legal determinations in declaratory judgment actions *de novo*. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). We also review decisions to grant or deny summary judgment *de novo*. *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 519 (2d Cir. 2016). Here, the district court concluded that UFCC was barred from disclaiming coverage of Pineda because UFCC failed to do so "as soon as is reasonably possible" under New York Insurance Law § 3420(d)(2). On appeal, UFCC contends that it *did* disclaim as soon as reasonably possible, given the interaction of § 3420(d)(2) and New York caselaw governing non-trucking policies. We agree with UFCC. [1]

---

[1] UFCC also challenges the district court's conclusion that Country-Wide has standing to raise § 3420(d)(2) as a defense in an insurer-versus-insurer dispute. But even if § 3420(d)(2) is applicable to claims between insurers, UFCC has satisfied the provision's requirements, so we need not address this argument. *But see Zurich Am. Ins. Co. v. Liberty Mut. Ins. Co.*, 710 F. App'x 3, 7 (2d Cir. 2017) ("[Plaintiff] has given us no reason to depart from the litany of New York cases holding that § 3420(d) does not apply to claims between insurers."); *Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 59 (1st Dep't 2005) ("[Section] 3420(d) was never intended to apply to another insurer . . . ."); *Tops*

4

New York Insurance Law § 3420(d)(2) provides that:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice *as soon as is reasonably possible* of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

(emphasis added). For UFCC to timely disclaim coverage of Pineda under § 3420(d)(2), it had to do so once it had "sufficient knowledge of facts entitling it to disclaim." *First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 66 (2003). "[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." *Matter of Allcity Ins. Co.*, 78 N.Y.2d 1054, 1056 (1991). "Where the grounds for disclaimer are not readily apparent, an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004). Ultimately, whether a disclaimer is timely under § 3420(d)(2) is "a question of fact, dependent on all of the circumstances of a case that make it reasonable, or unreasonable, for an insurer to investigate coverage." *First Fin. Ins. Co.*, 1 N.Y.3d at 70.

As explained above, UFCC's policy was a non-trucking policy. Non-trucking policies in general, and the policy at issue here in particular, exclude from coverage any accident occurring while an insured auto or attached trailer is being used "[t]o carry property in any business." A-103. New York law creates an additional wrinkle for insurers issuing non-trucking policies: the State has a statutory requirement that *all* insurance policies issued "to the owner of any vehicle" must contain "a provision for indemnity or security against the liability and responsibility" for "death

---

*Mkts. v. Maryland Cas.*, 700 N.Y.S.2d 325, 326 (4th Dep't 1999) (noting that § 3420(d) is "inapplicable to a request for contribution between coinsurers").

or injuries to person or property resulting from negligence in the use or operation of such vehicle." N.Y. Vehicle and Traffic Law § 388(1), (4). Gaps in coverage under § 388 are not allowed. *Id.* Accordingly, New York courts have deemed non-trucking policies invalid unless they contain a provision making clear that the exclusion of accidents occurring during business applies *only if* some other insurance plan fills in the "gap in policy coverage for any loss incurred" in the furtherance of business. *Royal Indem. Co. v. Providence Washington Ins. Co.*, 707 N.E.2d 425, 426 (N.Y. 1998). UFCC's plan here contained such a provision, which reads:

> [T]he above exclusion[] appl[ies] only if there is other valid and collectible liability insurance, whether on an excess, umbrella, contingent, and/or non-contributing basis, applicable to the insured auto, and that provides the minimum kinds and limits of coverage required by New York law.

A-103. The effect of this provision is that UFCC could rely on the non-trucking exclusion to disclaim coverage for Pineda only if there was "other valid and collectible liability insurance" in place at the time of the accident. The dispositive question for whether UFCC timely disclaimed under § 3420(d)(2), then, is when UFCC obtained "sufficient knowledge of facts" that Country-Wide's policy covered Pineda.

We conclude that the first time that UFCC learned of sufficient facts showing that the Country-Wide policy covered Pineda was in July 2017, when Country-Wide produced its insurance policy in discovery in the instant case. All that UFCC knew prior to that date, based on a publicly available federal filing, was that Country-Wide had some sort of policy covering ITG. However, the public filing does not reveal whether Pineda's truck was covered by the policy, nor does it reveal whether *Pineda* (the actual defendant in the underlying suit) was covered. Insurers are entitled to "conduct[] thorough investigations before disclaiming coverage, as long as they are not used as a dilatory tactic." *Mt. Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 678 (E.D.N.Y. 2002); *see also U.S. Underwriters Ins. Co.*, 369 F.3d at 107. Indeed, in a case similar

6

to this one, also involving a non-trucking policy, the court determined that it was reasonable for an insurer to delay disclaiming coverage while it made efforts to "to determine the existence of alternate insurance sources." *Connecticut Indem. Co. v. QBC Trucking, Inc.*, 2005 WL 1038878, at \*5 (S.D.N.Y. May 5, 2005). Here, UFCC made diligent efforts to connect with Country-Wide throughout the second half of 2016. Because Country-Wide did not respond to these inquiries until January 13, 2017, and because Country-Wide then asserted that its policy did *not* cover Pineda, it did not become "readily apparent," *U.S. Underwriters Ins. Co.*, 369 F.3d at 107, that the Country-Wide policy *did* in fact cover Pineda, and that UFCC was entitled to disclaim, until July 2017. Only at that point was UFCC able to obtain a copy of the Country-Wide policy and verify that it covered Pineda.

Under New York law, "the commencement of [a] declaratory judgment action" by an insurer is "sufficient written notice of disclaimer" because the action "constitutes unequivocal, unambiguous written notice." *Norfolk v. Dedham Mut. Fire Ins. Co. v. Petrizzi*, 503 N.Y.S.2d 51, 53 (1st Dep't 1986); *see also Generali-U.S. Branch v. Rothschild*, 744 N.Y.S.2d 159, 161 (1st Dep't 2002). As a result, when UFCC learned in July 2017 that it was entitled to disclaim, UFCC had *already* disclaimed by filing its action for declaratory judgment. Accordingly, UFCC's disclaimer was timely under § 3420(d)(2), and the district court erred in ruling otherwise.

\* \* \*

For these reasons, the district court's judgment is VACATED and the case is REMANDED to the district court for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7